IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 1 4 2007
JAMES W. McCORMACK CLERK
By:_____
DEP CLERK

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | 4.07·CV0 0 0 0 0 8 4 2 WRW |
| | ) | CIVIL ACTION NO. |
| v. | ) ) | |
| ELECTRIC COWBOY OF LITTLE ROCK, INC., | ) ) ) | COMPLAINT |
| Defendant. | ) ) | JURY TRIAL DEMAND |

This case assigned to District Judge _Wilson_
NATURE OF THE ACTION and to Magistrate Judge _Forster_

This is an action under Title VII of the Civil Rights Act

of 1964 and Title I of the Civil Rights Act of 1991 to correct

unlawful employment practices on the basis of race and to

provide appropriate relief to Courtney Houston who was adversely

affected by such practices. The Commission alleges that Courtney

Houston, former employee of Defendant Electric Cowboy of Little

Rock, Inc. ("Defendant Employer"), was denied rehire by

Defendant Employer because of her race, African American.

JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28

U.S.C. §§ 451, 1331, 1337, 1343 and 1345.    This action is

authorized and instituted pursuant to Sections 706(f)(1) and (3)

of Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII")and Section 102 of

1

the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for Eastern District of Arkansas, Western Division.

### PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer has continuously been an Arkansas corporation doing business in the State of Arkansas and the City of Little Rock and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Defendant Employer operates bars all across the State of Arkansas.

### STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Courtney Houston filed a charge with the Commission

2

alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    Since at least September 2006, Defendant Employer has engaged in unlawful employment practices at its Little Rock, Arkansas, locations in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a).

8.    Ms. Houston had previously worked for Defendant Employer from January of 2005 to July of 2006. Her employment was satisfactory, and she was eligible for rehire.

9.    After Ms. Houston resigned, a new general manager began operating Defendant's Little Rock location. He refused to rehire Ms. Houston.

10.    The new general manager has hired approximately a dozen employees, all White.

11.    Defendant also failed to maintain employment applications as required by 29 CFR § 1602.14 and 42 U.S.C. § 2000e-8(c).

12.    The effect of the practices complained of in paragraph 7-11 above has been to deprive Courtney Houston of equal employment opportunities and otherwise adversely affect her status as an employee and an applicant, because of her race (African American).

3

13.    The unlawful employment practices complained of in paragraph 7-11 above were, and are, intentional.

14.    The unlawful employment practices complained of in paragraph 7-11 above were, and are, done with malice or with reckless indifference to the federally protected rights of Courtney Houston.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in race discrimination with regard to hire and any other employment practice which discriminates on the basis of race, African American.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make whole Courtney Houston by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its

4

unlawful employment practices, including but not limited to instatement of Courtney Houston to a bartender/waitress position.

    D.   Order Defendant Employer to make whole Courtney Houston by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7-11 above, in amounts to be determined at trial.

    E.   Order Defendant Employer to make whole Courtney Houston by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7-11 above, including emotional distress, pain and suffering, embarrassment, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

    F.   Order Defendant Employer to pay Courtney Houston punitive damages for its malicious and reckless conduct described in paragraph 7-11 above, in amounts to be determined at trial.

    G.   Order Defendant Employer to maintain employment applications as required by 29 CFR § 1602.14 and 42 U.S.C. § 2000e-8(c).

    H.   Grant such further relief as the Court deems necessary and proper in the public interest.

5

I.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**RONALD S. COOPER**
General Counsel

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

1407 Union Avenue, Suite 900
Memphis, Tennessee 38104
(901) 544-0088

**WILLIAM A. CASH, JR.**
Supervisory Trial Attorney
Arkansas Bar No. 88081

**PAMELA B. DIXON**
Senior Trial Attorney
Arkansas Bar No. 95085

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
820 Louisiana, Suite 200
Little Rock, AR 72201
Telephone No. (501) 324-5065

6